**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

DIANA MORALES,

       Plaintiff,

v.

COSTAMAR TRAVEL CRUISE &
TOURS, INC.,

       Defendant.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, DIANA MORALES, brings this action against Defendant, COSTAMAR TRAVEL CRUISE & TOURS, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff DIANA MORALES was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, telephone communication with customers nationwide and overseas including Peru, Columbia, and Ecuador to sell vacation packages and tickets.

4. At all times material hereto, Defendant, COSTAMAR TRAVEL CRUISE & TOURS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of selling vacation packages, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with two or

more of its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Plaintiff worked for Defendant as a cashier and ticket seller.

6. Defendant failed to pay Plaintiff an average of two overtimes hours per week.

7. Plaintiff has attached a statement of claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

8. Some of Plaintiff's overtime compensation and overtime hours worked were automatically deducted each week.

9. Defendant failed to pay Plaintiff her full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all overtime hours worked.

10. Defendant knowingly and willfully refused to pay Plaintiff her full and proper overtime wages.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

13. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-12 above as if set forth herein in full.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791